USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #_____
DATE FILED: 4/9/2021

Case 1:18-cr-00306-ER   Document 63   Filed 04/09/21   Page 1 of 3

**FOY & SEPLOWITZ** LLC
attorneys at law

| | |
|---|---|
| 105 MAIN STREET<br>HACKENSACK, NJ 07601<br>TEL: 201-457-0071<br>FAX: 201-457-0072 | 30 WALL STREET<br>8TH FLOOR<br>NEW YORK, NY 10005<br>TEL: 212-709-8230 |

WWW.FOYSEPLOWITZ.COM

## MEMO ENDORSED

April 8, 2021

Honorable Edgardo Ramos
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

> A bail hearing will be held on April 22, 2021, at 12:00 p.m. The government is directed respond by April 15, 2021. The conference will be held remotely and by telephone. The parties are instructed to call (877) 411-9748 and enter access code 3029857# when prompted.
> SO ORDERED.          _____
>                      Edgardo Ramos, U.S.D.J
>                      Dated:  4/9/2021
>                      New York, New York

Re:  **United State v. Kasheen Samuels**
     **Docket No. 18 cr 306 (ER)**
     **Motion for Bail Hearing**

Dear Judge Ramos:

Defendant Kasheen Samuels respectfully requests, pursuant to 18 U.S.C. § 3142, that a bail hearing be scheduled before this Court in which he will move for an order granting his release on a personal recognizance bond of $250,000.00 with financially responsible persons with the understanding that he will be subject to home detention with electronic monitoring within the jurisdiction of the Southern District of New York (SDNY). Mr. Samuels consents said hearing being conducted by virtual means.

Mr. Samuels has been incarcerated since his arrest on May 3, 2018. A bail application hearing was conducted with prior counsel before the Honorable Henry B. Pitman on June 18, 2018. At the conclusion of the hearing, Judge Pitman ordered that Mr. Samuels be detained pending trial.

While incarcerated at the Metropolitan Detention Center (MDC) over the past three years, Mr. Samuels has endured extraordinarily harsh imprisonment conditions, including the infamous blackout in January and February of 2019 and the lockdowns and unprecedented restrictions associated with the COVID-19 outbreak. Mr. Samuels has seen numerous fellow inmates fall gravely ill from the virus, which has spread rapidly in the jail on several occasions, and he is often confined to his cell for extended periods due to virus restrictions. The extreme restrictions have had a detrimental effect on Mr. Samuels' mental condition and his ability to assist in preparing his defense. The unpredictable lockdowns and restrictions on movement have also affected Mr. Samuels' access to counsel.

FOY & SEPLOWITZ LLC
ATTORNEYS AT LAW

PAGE 2

Due to the pandemic, Mr. Samuels' trial has been repeatedly delayed and is now tentatively scheduled to begin on July 26, 2021. Mr. Samuels has languished in harsh detention conditions for three years and there is no guarantee that his trial will move forward on the scheduled trial date due to the uncertainty of the pandemic and its effect on the judicial system. The Bail Reform Act provides for the temporary release of a detained defendant pending trial where the Court "determines such release to be necessary for preparation of the person's defense or for another compelling reason." 18 U.S.C. § 3142(i).

Preparing for a defense includes adequate access to counsel. "The right of the accused '[i]n all criminal prosecutions … to have the Assistance of Counsel for his defence' is a direct right, grounded squarely in the text of the Constitution." *Benjamin v. Fraser*, 264 F.3d 175, 185 (2d Cir. 2001) (quoting U.S. Const. amend. VI). "As the Supreme Court has recognized, 'to deprive a person of counsel during the period prior to trial may be more damaging than denial of counsel during the trial itself.'" *Ibid.* (quoting *Maine v. Moulton*, 474 U.S. 159, 170 (1985)). "The reason pretrial detainees need access to the courts and counsel is not to present claims to the courts, but to defend against the charges brought against them." *Id.* at 186 (citing *Murray v. Gairratano*, 492 U.S. 1, 7 (1989)).

Given the conditions of incarceration at the MDC during the pandemic, Mr. Samuels's right to counsel has been restricted and will likely continue to be restricted as the trial date approaches. This is of particular concern in a case in which Mr. Samuels must defend against accusations of several crimes on different dates and in different locations, which allegedly occurred in his absence. Moreover, since the government is relying on cooperating witnesses, the defense anticipates extensive 3500 materials that have yet to be provided. That discovery will need to be carefully reviewed with the input of Mr. Samuels in order to adequately prepare his defense for trial. If access to Mr. Samuels is even slightly restricted, that could substantially impact his ability prepare his defense. As such, his release with appropriate conditions to ensure the safety of the community and his appearance in court is warranted as it will enable him to have access to counsel and be able to prepare as necessary for his defense.

Furthermore, Mr. Samuels' continued pretrial detention violates his Fifth Amendment right to due process. "It is settled in this circuit 'that at some point and under some circumstances, the duration of pretrial detention [to assure presence at trial] becomes unconstitutional.'" *United States v. Jackson*, 823 F.2d 4, 7 (2d Cir. 1987) (quoting *United States v. Gonzales Claudio*, 806 F.2d 334 339 (2d Cir. 1986)). In *Jackson*, the Second Circuit held that the pretrial detention of nearly eight months did not warrant pretrial release under the circumstances, but the Court noted, "a potentially long trial commencing over seven months after detention has already

FOY & SEPLOWITZ LLC
ATTORNEYS AT LAW

PAGE 3

begun raises due process concerns for the government to allay." *Ibid.* The Second Circuit Court of Appeals poignantly added as follows: "We have previously indicated that when the government moves for pretrial detention it has an obligation to arrange for the trial as quickly as possible, using 'extraordinary means' if necessary. We write now to make completely clear that we will not view this obligation of the government lightly." *Id.* at 8 (internal citations omitted).

The government moved for the pretrial detention of Mr. Samuels when he was arrested. It is acknowledged that the charges against Mr. Samuels are serious and that the government is obviously not responsible for the pandemic and its dramatic effect on the judicial process. Nonetheless, Mr. Samuels is presumed innocent and his due process rights are implicated given his three years of pretrial detention in excessively harsh and restrictive conditions. Mr. Samuels has had to endure a blackout during an abnormally frigid weather conditions as well as both the psychological and physical constraints of trying to protect himself and other inmates from a deadly virus in a densely populated jail, among all other burdens of incarceration at the MDC. As such, his pretrial release is warranted at this juncture. It is respectfully submitted that an appropriate bail package with strict home confinement under electronic monitoring would ensure Mr. Samuels' appearance at trial and alleviate any concern of protection to the community. It will also ensure that he has unrestricted access to consult with counsel and thereby protect his constitutional rights.

## CONCLUSION

For the foregoing reasons, Kasheen Samuels respectfully submits that his release pending trial will protect his constitutional rights and that the bail conditions proposed will reasonably assure his appearance in court and will protect the safety of other persons in the community. Accordingly, we request a virtual hearing for oral argument in support of the application for release with conditions.

Respectfully submitted,

**FOY & SEPLOWITZ LLC**

*James B. Seplowitz*

**JAMES B. SEPLOWITZ (JS2956)**
jseplowitz@foyseplowitz.com

cc:   AUSA Jessica K. Fender
      AUSA Jason Swergold
      Kasheen Samuels